**THE DUGGER LAW FIRM, PLLC**　　**SHULMAN KESSLER LLP**
**Cyrus E. Dugger**　　**Troy Kessler**
**154 Grand St.**　　**Saranicole Duaban**
**New York, New York 10013**　　**534 Broadhollow Road Suite #275**
**Tel: (646) 560-3208**　　**Melville, New York 11747**
　　**Tel: (631) 499-9100**


## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGARITA GONZALEZ, YUDELKY CONTRERAS, CARMEN ALVAREZ f/k/a CARMEN WUN, and PURA GERMOSEN, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>PREMIER HOME HEALTH CARE SERVICES, INC. a/k/a PREMIER HOME HEALTH CARE, INC.,<br><br>　　　Defendant. | **Case No. 17 Civ. 9063**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Demand for Trial by Jury** |

Plaintiffs Margarita Gonzalez, Yudelky Contreras, Carmen Alvarez (f/k/a Carmen Wun), and Pura Germosen, ("Plaintiffs"), individually, and as class representatives on behalf of all others similarly situated, by their attorneys, The Dugger Law Firm, PLLC and Shulman Kessler LLP, make the following allegations against Premier Home Health Care Services, Inc. a/k/a Premier Home Health Care, Inc. ("Defendant" or "Premier").

## INTRODUCTION

1.　　This action seeks to recover for Plaintiffs, and similarly situated Premier employees, unpaid overtime wages and associated liquidated damages, as well as statutory

damages for recordkeeping violations, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), Article 6 §§ 190 *et seq.* and/or Article 19, §§ 650 *et seq.*

2.      Premier provides home healthcare services to individuals in their homes and for healthcare organizations who need additional staffing.  Plaintiffs, and other similarly situated employees, were classified by Premier as non-exempt from overtime, and worked as "in-house office staff," meaning that they were not providing home healthcare services off-site, but instead, worked for Premier at Premier's offices.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b).

4.      The Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

5.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and NYLL §§ 198(1-b), (1-d).

6.      Defendant is subject to personal jurisdiction in New York.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## PLAINTIFFS

### Plaintiff Margarita Gonzalez

8.      Plaintiff Margarita Gonzalez ("Plaintiff Gonzalez") is an adult individual who resides in Mount Vernon, New York.

9.      Defendant and/or its predecessor entities, employed Plaintiff Gonzalez, as a non-exempt member of in-house office staff with the title of Staffing Coordinator, from approximately 2010 until approximately January 12, 2017.

10.     Plaintiff Gonzalez was at all times relevant a covered employee within the meaning of the FLSA and the NYLL.

11.     During approximately February 2014, Plaintiff Gonzalez received a purported NYLL § 195(1) notice stating that her regular rate was $16.84, and that she was classified as a non-exempt hourly employee entitled to overtime premiums at a rate of $25.25, which it stated was 1.5 times her stated regular rate.

12.     Plaintiff Gonzalez did not receive the initial and/or annual notice required by NYLL § 195(1) in 2011, 2012, or 2013.

13.     Additionally, Defendant provided Plaintiff Gonzalez with wage statements that did not comply with the requirements of NYLL § 195(3).

14.     For example, Defendant provided Plaintiff Gonzalez with wage statements that did not include the telephone number of Premier.

15.     At all times relevant, Defendant frequently failed to provide Plaintiff Gonzalez with wage statements that accurately reflected the amount of straight time actually worked, the amount of overtime hours actually worked, and/or the amount of vacation time actually used.

16.     At all times relevant, Defendant classified Plaintiff Gonzalez as a non-exempt

hourly employee entitled to overtime premiums.

17.     Upon information and belief, Plaintiff Gonzalez was not paid at her overtime rate for all hours worked over forty per workweek.

18.     For example, upon information and belief, the payment associated with the workweek December 17, 2016 to December 23, 2016, failed to provide Plaintiff Gonzalez with overtime premium payments for all hours worked over forty hours during this workweek.

19.     Plaintiff Gonzalez expressed her consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* **Exhibit A**.

**Plaintiff Yudelky Contreras**

20.     Plaintiff Yudelky Contreras ("Plaintiff Contreras") is an adult individual who resides in Mount Vernon, New York.

21.     Defendant and/or its predecessor entities, employed Plaintiff Contreras, as a non-exempt member of in-house office staff with the title of Compliance Coordinator, from approximately 2010 to 2014, and with the title of Payroll Coordinator from approximately 2014 to approximately January 12, 2017.

22.     Plaintiff Contreras was at all times relevant a covered employee within the meaning of the FLSA and the NYLL.

23.     Upon information and belief, during approximately February 2014, Plaintiff Contreras received a purported NYLL § 195(1) notice stating that she was classified as a non-exempt hourly employee entitled to overtime premiums.

24.     Upon information and belief, Plaintiff Contreras did not receive the initial and/or annual notice required by NYLL § 195(1) in 2011, 2012, or 2013.

25.     At all times relevant, Defendant provided Plaintiff Contreras with wage

statements that did not comply with the requirements of NYLL § 195(3).

26.      For example, Defendant provided Plaintiff Contreras with wage statements that did not include the telephone number of Defendant.

27.      Additionally, Defendant frequently failed to provide Plaintiff Contreras with wage statements accurately reflecting the amount of straight time actually worked, the amount of overtime hours actually worked, and/or the amount of vacation time actually used.

28.      For example, on or about August 7, 2015, Plaintiff Contreras received a wage statement indicating payment for the pay period July 18, 2015 to July 31, 2015, indicating that she had worked 83.25 hours of straight time.  This wage statement inaccurately stated that Plaintiff worked 83.25 hours of straight time and no overtime when she actually worked 80 hours of straight time and actually worked 3.25 hours of overtime during this pay period.  **Exhibit B**.

29.      Upon information and belief, at all times relevant, Defendant classified Plaintiff Contreras as a non-exempt hourly employee entitled to overtime premiums.

30.      Upon information and belief, Plaintiff Contreras was not paid at her overtime rate for all hours worked over forty per workweek.

31.      For example, the payment associated with the wage statement discussed above failed to provide Plaintiff Contreras: (1) three hours of overtime premium payments for the workweek of July 18, 2015 to July 24, 2015; and (2) .25 hours of overtime premium payments for the workweek of July 25, 2015 to July 31, 2015, totaling $32.53 in earned but unpaid overtime premium compensation for this pay period.  **Exhibit B**.

32.      Plaintiff Contreras expressed her consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* **Exhibit A**.

**<u>Plaintiff Carmen Alvarez</u>**

33.     Plaintiff Carmen Alvarez (f/k/a Carmen Wun) ("Plaintiff Alvarez") is an adult individual who resides within the Bronx, New York.

34.     Defendant and/or its predecessor entities employed Plaintiff Alvarez as a non-exempt member of in-house staff as a Payroll Coordinator from approximately September 22, 2008 until approximately April 7, 2016.

35.     Plaintiff Alvarez was at all times relevant a covered employee within the meaning of the FLSA and the NYLL.

36.     Upon information and belief, during February 2014, Plaintiff Alvarez received a purported NYLL § 195(1) notice stating that she was classified as a non-exempt hourly employee entitled to overtime premiums.

37.     Upon information and belief, Plaintiff Alvarez did not receive the initial and/or annual notice required by NYLL § 195(1) in 2011, 2012, or 2013.

38.     At all times relevant, Defendant provided Plaintiff Alvarez with wage statements that did not comply with the requirements of NYLL § 195(3).

39.     For example, Defendant provided Plaintiff Alvarez with wage statements that did not include the telephone number of Defendant.

40.     Additionally, Defendant frequently failed to provide Plaintiff Alvarez with wage statements accurately reflecting the amount of straight time hours actually worked, overtime hours actually worked, and/or vacation time actually taken.

41.     For example, on or about November 15, 2013, Plaintiff Alvarez received a paystub indicating payment for the pay period October 26, 2013 to November 8, 2013 for 87.50, indicating that she had worked 87.50 hours of straight time and six hours of overtime.  This wage statement inaccurately stated that Plaintiff worked 87.50 hours of straight time and six hours of

overtime when she actually worked 80 hours of straight time and 13.50 hours of overtime during this pay period. **Exhibit C**.

42.     Upon information and belief, at all times relevant, Defendant classified Plaintiff Alvarez as a non-exempt hourly employee entitled to overtime premiums.

43.     Upon information and belief, Plaintiff Alvarez was not paid at her overtime rate for all hours worked over forty per workweek.

44.     For example, the payment associated with the wage statement discussed above failed to provide Plaintiff Alvarez: (1) six and a half (6.5) hours of overtime premium payments for the workweek of October 26, 2013 to November 1, 2013; and (2) seven (7) hours of overtime premium payments for the workweek of November 2, 2015 to November 8, 2015, totaling approximately $93.09 in earned but unpaid overtime premium compensation for this pay period. **Exhibit C**.

45.     Plaintiff Alvarez expressed her consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* **Exhibit A**.

**Plaintiff Pura Germosen**

46.     Plaintiff Pura Germosen ("Plaintiff Germosen") is an adult individual who resides in the Bronx, New York.

47.     Defendant and/or its predecessor entities employed Plaintiff Germosen as a non-exempt member of in-house staff with the title of Recruiter from approximately 2004 to 2013, and title of Attendance Coordinator from approximately 2013 to approximately January 12, 2017.

48.     Plaintiff Germosen was at all times relevant a covered employee within the meaning of the FLSA and the NYLL.

49.     Upon information and belief, during February 2014, Plaintiff Germosen received a purported NYLL § 195(1) notice stating that she was classified as a non-exempt hourly employee entitled to overtime premiums.

50.     Upon information and belief, Plaintiff Germosen did not receive the initial and/or annual notice required by NYLL § 195(1) in 2011, 2012, or 2013.

51.     At all times relevant, Defendant provided Plaintiff Germosen with wage statements that did not comply with the requirements of NYLL § 195(3).

52.     For example, Defendant provided Plaintiff Germosen with wage statements that did not include the telephone number of Defendant.

53.     Additionally, Defendant frequently failed to provide Plaintiff Germosen with wage statements accurately reflecting the amount of straight time actually worked, overtime hours actually worked, and/or vacation time actually used.

54.     On or about October 28, 2016, Plaintiff Germosen received a paystub indicating payment for the pay period October 8, 2016 to October 21, 2016 for 81.50 hours of straight time. This wage statement inaccurately stated that Plaintiff worked 81.50 hours of straight time and no overtime hours during this pay period, when she actually worked 80 hours of straight time and 1.5 hours of overtime.  **Exhibit D**.

55.     Upon information and belief, at all times relevant, Defendant classified Plaintiff Germosen as a non-exempt hourly employee entitled to overtime premiums.

56.     Upon information and belief, Plaintiff Germosen was not paid at her overtime rate for all hours worked over forty per workweek.

57.     For example, the payment associated with the wage statement discussed above failed to provide Plaintiff Germosen with one and a half (1.5) hours of overtime during the

workweek of October 15, 2016 to October 21, 2016, totaling approximately $9.75 in earned but unpaid overtime premium compensation for this week and pay period.  **Exhibit D**.

58.     Plaintiff Germosen expressed her consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* **Exhibit A**.

**Defendant Premier Home Health Care Services, Inc**.

59.     Defendant Premier Home Health Care Services, Inc. a/k/a Premier Home Health Care Inc. is, and was at all times relevant, a corporation under the laws of the State of New York, with its principal place of business located at 445 Hamilton Avenue 10th Fl. White Plains, New York 10601, with additional offices throughout New York, including within New York City, inclusive of the office where Plaintiffs most recently worked, located at 2510 Westchester Ave. Bronx, New York 10461 Suite #200.

60.     At all times relevant, Premier purposefully directed its activities in interstate commerce and knew, or should have known, that its actions would have an impact upon New York residents.

61.     At all times relevant, Premier has been an employer within the meaning of the FLSA and NYLL and Plaintiffs have been employees within the meaning of the FLSA and NYLL.

62.     Upon information and belief, at all times relevant, Premier classified Plaintiffs, and similarly situated Premier employees, as hourly employees that were not exempt from overtime within the meaning of the FLSA and NYLL.

63.     Premier had a policy, practice and/or procedure of not providing all overtime premium compensation due, inclusive of, as stated in Defendant's employee manual applicable to New York Premier employees, declining to pay all overtime compensation due for hours

*worked* between 40 and 43.75 hours in a workweek.  As stated in Premier's employee manual applicable to all or some of the relevant period: "An employee must *work over 43.75 hours* in order to be eligible for overtime pay during a normal work [sic] with no time off other than meal breaks." (emphasis added).  **Exhibit E**.

64.     Premier's employee manual applicable to New York employees for all or some of the relevant period also stated that "time off for lunch breaks, holidays, sick leave, vacation leave, or any leave of absence will not be considered time worked for purposes of overtime calculations."  **Exhibit F**.

## COLLECTIVE ALLEGATIONS

65.     Plaintiffs brings the First Cause of Action on behalf of themselves and the following collective: an opt-in collective pursuant to 29 U.S.C. § 216(b) of all employees Premier classified as non-exempt from overtime, employed by Premier as in-house staff (and who did not supervise other in-house staff) within the State of New York, for the period of time of such non-exempt classification, within the three years prior to opting into the instant action through the resolution of their FLSA claims (the "In-House Staff Collective").

66.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other similarly situated members of the In-House Staff Collective with overtime premium compensation.

67.     At all times relevant, consistent with Defendant's policy, practice, and/or procedure, Plaintiffs and the other members of the FLSA In-House Staff Collective, were not paid all overtime premium compensation due when they worked over 40 hours in a workweek.

68.     At all times relevant, all of the work that Plaintiffs and the members of the In-House Staff Collective have performed has been assigned by Premier and/or Premier has been

aware of all of the work that Plaintiffs and the In-House Staff Collective performed.

69.    At all times relevant, as part of its regular business practice, Premier has intentionally, willfully, and/or not in good faith engaged in a policy, practice, and/or procedure of violating the FLSA with respect to Plaintiffs and the members of In-House Staff Collective. This policy, practice, and/or procedure included willfully failing to pay Plaintiffs and the members of the In-House Staff Collective all overtime premium wages due for hours that they worked in excess of 40 hours in a workweek.

70.    Premier is aware, or should have been aware, that federal law required Premier to pay Plaintiffs and the members of the In-House Staff Collective overtime premiums for all hours worked in excess of 40 per workweek.

71.    The In-House Collective consists of many similarly situated individuals to whom Premier has not paid all of the required overtime premiums due, who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

72.    Those similarly situated collective members are known to Premier, are readily identifiable, and can be located through Premier's records.

73.    Upon information and belief, at all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

74.    Notice should be sent to the members of the In-House Staff Collective pursuant to 29 U.S.C § 216(b).

## CLASS ACTION ALLEGATIONS

75.    Plaintiffs bring the second and third causes of action under Rule 23 of the Federal Rules of Civil Procedure.

76.    Plaintiffs brings these causes of action as a Class Action pursuant to Fed. R. Civ.

P. 23(a), (b)(2), (b)(3), and (c)(4) on behalf of a class of all in-house staff (who did not supervise

other in-house staff) employed by Premier (and/or its predecessors and/or successors) within the

State of New York, and classified by Premier as non-exempt from overtime, for the period of

time of such non-exempt classification, within six years of the filing of the initial Class and

Collective Action Complaint in this action, through the resolution of their NYLL claims (the "In-

House Staff Class").

78.     Excluded from the In-House Staff Class are Defendant, Defendant's legal

representatives, officers, directors, assigns, and successors, or any individual who has, or at any

time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom

this case is assigned and any member of the Judge's immediate family; all current or former in-

house staff employees of Premier with claims against Defendant filed in state or federal court

prior to the filing of this Class and Collective Action Complaint, and all persons who will submit

timely and otherwise proper requests for exclusion from the In-House Staff Class.

78.     Plaintiffs are members of the class that they seek to represent.

79.     The members of the In-House Staff Class identified herein are so numerous that

joinder of all members is impracticable.  Although Plaintiffs do not know precisely how many

In-House Class Staff Class members Premier has employed during the relevant time period, upon

information and belief, their number is far greater than can be feasibly addressed through joinder.

80.     There are questions of law and fact common to the In-House Staff Class, and

these questions also predominate over any questions affecting only individual members.

Common questions include, but are not limited to: (1) whether Defendant was an employer

and/or joint employer within the meaning of the NYLL; (2) whether Defendant had a policy,

practice, and/or procedure of not compensating Plaintiffs and the members of the In-House Staff

Class with all overtime compensation due as required by the NYLL; (3) whether Defendant had

a policy, practice, and/or procedure of not providing the wage rate notices required by NYLL §

195(1) to Plaintiffs and the members of the In-House Staff Class; (4) whether Defendant had a

policy, practice, and/or procedure of providing wage statements to Plaintiffs and In-House Staff

Class that failed to comply with NYLL § 195(3); (5) whether Premier can meet its burden on the

affirmative defense of good faith compliance with respect to some, or any, of the claims of

Plaintiffs' and the members of the In-House Staff Class's; (6) the resulting total amount of

unpaid overtime compensation to be awarded to the class; (7) the resulting total amount of

NYLL liquidated damages to be awarded to the class; (8) the resulting total amount of pre-

judgment and/or post-judgment interest to be awarded to the class; (9) the resulting total amount

of NYLL § 195 statutory damages to be awarded to the class; (10) whether declaratory and/or

injunctive relief for the class is warranted pursuant to NYLL § 198; (11) the applicable overtime

compensation premium calculation to be applied to the regular rate regarding overtime claims;

(12) whether Premier failed to keep true and accurate time and/or pay records for all Plaintiffs'

and similarly situated employees' hours worked, as required by the FLSA and NYLL; and (13)

whether Defendant's policy, practice, and/or procedure of failing to pay Plaintiff and other

similarly situated employees all overtime compensation due was willful within the meaning of

the FLSA and/or the NYLL.

  81. The Representative Plaintiffs' claims are typical of the claims of the class.

  82. Plaintiffs and the In-House Staff Class were subject to the same or very similar

compensation policies and practices and have sustained the same or similar types of damages as

a result of Defendant's violations of the NYLL.

  83. The Representative Plaintiffs will fairly and adequately represent and protect the

interests of the members of the class(es).  Plaintiffs have retained counsel competent and experienced in complex class actions and wage and hour litigation.

84.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted and/or refused to act on grounds generally applicable to the class, making declaratory and/or injunctive relief appropriate with respect to Plaintiffs and the class as a whole. The class members are entitled to declaratory and/or injunctive relief as to Defendant's violations, including, but not limited to, pursuant to NYLL § 198(1)(1-b), (1)(1-d).

85.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the class have been injured and are entitled to recovery as a result of common illegal practices.

86.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(c)(4) because the resolution of additional common issues would reduce the range of issues in dispute and promote judicial economy.  For example, resolution of whether Defendant had a policy, practice, and/or procedure of failing to pay all overtime due, failing to provide wage rate notices required by NYLL § 195(1) and/or failing to provide wage rate notices containing all of the information required by NYLL § 195(1), and/or failing to provide accurate wage statements containing, *inter alia*, the number of straight time hours actually worked, the number of overtime hours actually worked, and/or the amount of vacation time actually taken as required by NYLL § 195(3), would reduce the range of issues in dispute and promote judicial economy by initially determining whether any damages proceedings are required at all.  Similarly, resolution of any one of the issues referenced above, even where such issue(s) are not appropriate for resolution pursuant to

Fed. R. Civ. P. 23(b)(3), would nonetheless reduce the range of issues in dispute and promote judicial economy if resolved as an issues class pursuant to Fed. R. Civ. P. 23(c)(4).

87.     Those similarly situated members of the In-House Staff class are known to Premier, are readily identifiable, and can be located through Premier's records.

88.     The members of the class have been injured and are entitled to damages, necessitating the resolution of common issues regarding the calculation of class damages.

## CLASS-WIDE AND COLLECTIVE-WIDE FACTUAL ALLEGATIONS

89.     Upon information and belief, at all times relevant, Defendant had a policy, practice, and/or procedure of classifying Plaintiffs and the members of the In-House Staff Collective and In-House Class as non-exempt hourly workers entitled to overtime.

90.     At all times relevant, Defendant had a policy, practice, and/or procedure of failing to pay Plaintiffs, and members of the In-House Staff Collective and In-House Staff Class, overtime premiums for all hours worked over forty hours a week.

91.     This policy, practice, and/or procedure of failing to pay all overtime wages due included, as stated in Defendant's employee manual applicable to New York Premier employees for all or some of the relevant period, that: "[a]n employee must *work over 43.75 hours* in order to be eligible for overtime pay during a normal work [sic] with no time off other than meal breaks." (emphasis added).

92.     Premier's employee manual applicable to New York employees for all or some of the relevant period also stated that "time off for lunch breaks, holidays, sick leave, vacation leave, or any leave of absence will not be considered time worked for purposes of overtime calculations."

93.     During at least 2011, 2012, and 2013 Defendant had a policy, practice, and/or

procedure of not providing the annual wage rate notice required by NYLL § 195(1).

94.     Upon information and belief, the only year that Defendant even attempted to provide a notice required by NYLL § 195(1) to Plaintiffs, or members of the In-House Staff Class, was during 2014.

95.     At all times relevant, Defendant had a policy, practice, and/or procedure of failing to provide Plaintiffs and the members of the In-House Staff Class, with compliant NYLL § 195(3) wage statements with each payment of wages, including because such wage statements, did not contain the telephone number of Defendant (and/or its predecessors) and/or did not provide accurate statements of the amount of straight time hours actually worked, the amount of overtime hours actually worked, and/or the amount of vacation time actually taken.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act - Overtime Violations**
**(Brought on behalf of Plaintiffs and the Members of the In-House Staff Collective)**

96.     Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs.

97.     At all times relevant, Plaintiffs and the members of the In-House Staff Collective were employed and/or jointly employed by Defendant within the meaning of the FLSA.

98.     The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA applies to Plaintiff and the members of the In-House Collective.

99.     Upon information and belief, at all relevant times, Plaintiffs and members of the In-House Staff Collective FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

100.     At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), (d),

207(a).

101.    At all times relevant, Plaintiffs and the members of the In-House FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

102.    At all times relevant, the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, applied to Defendant and protected Plaintiffs and the members of the In-House Staff Collective.

103.    Upon information and belief, at all times relevant, Defendant has engaged in a policy, practice and/or procedure of failing to pay all overtime premiums due to Plaintiffs and the members of the In-House Staff Collective for hours worked over forty hours in each workweek.

104.    This policy, practice, and/or procedure of failing to pay all overtime wages due included, as stated in Defendant's employee manual applicable to New York Premier employees for all or some of the relevant period, that: "[a]n employee must *work over 43.75 hours* in order to be eligible for overtime pay during a normal work [sic] with no time off other than meal breaks." (emphasis added).

105.    Premier's employee manual applicable to New York employees for all or some of the relevant period also stated that "time off for lunch breaks, holidays, sick leave, vacation leave, or any leave of absence will not be considered time worked for purposes of overtime calculations."

106.    Upon information and belief, at all times relevant, Defendant's overtime violations of the FLSA concerning Plaintiffs and the members of the In-House Staff Collective have been willful and intentional.

107.    Upon information and belief, at all times relevant, Defendant has not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiffs and

the members of the In-House Staff Collective.

108.     Upon information and belief, as a result of the unlawful acts of Defendant, Plaintiffs and the members of the In-House Staff Collective have been deprived of overtime wage compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

109.     The members of the In-House Staff Collective are entitled to collectively participate in this action by choosing to "opt in" and submitting written consents to join this action.  29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**
**New York Labor Law - Overtime Violations**
**(Brought on behalf of Plaintiffs and the Members of the In-House Staff Class)**

110.     Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs.

111.     At all times relevant, Plaintiffs and the members of the In-House Staff Class were employed and/or jointly employed by Defendant within the meaning of the wage and hour provisions of the NYLL.

112.     At all times relevant, Plaintiffs and the members of the In-House Staff Class were employees within the meaning of the wage and hour provisions of the NYLL and their supporting New York State Department of Labor regulations, 12 NYCRR § 142.

113.     At all times relevant, Defendant had a policy, practice, and/or procedure of failing to pay all overtime premiums due to Plaintiffs and the members of the In-House Staff Class for all hours worked over forty hours in each workweek, as required by NYLL Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

114.    This policy, practice, and/or procedure, included, as stated in Defendant's employee manual applicable to New York Premier employees, declining to pay overtime compensation for all hours *worked* between 40 and 43.75 hours in a single workweek.  As stated in Premier's employee manual: "An employee must *work over 43.75 hours* in order to be eligible for overtime pay during a normal work [sic] with no time off other than meal breaks." (emphasis added).

115.    Premier's employee manual applicable to New York employees for all or some of the relevant period also stated that "time off for lunch breaks, holidays, sick leave, vacation leave, or any leave of absence will not be considered time worked for purposes of overtime calculations."

116.    Upon information and belief, at all times relevant, Defendant's violations have been willful and/or Defendant has not made a good faith effort to comply with the wage and hour provisions of the NYLL with respect to its overtime compensation of Plaintiffs and the members of the In-House Staff Class.

117.    Upon information and belief, as a result of the unlawful acts of Defendant, Plaintiffs and the members of the In-House Staff Class have been deprived of overtime wage compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation, as provided for by NYLL § 198.

### THIRD CAUSE OF ACTION
**New York Labor Law -- Recordkeeping Violations**
**(Brought on behalf of Plaintiffs and the Members of the In-House Staff Class)**

118.    Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs.

119.     Upon information and belief, Defendant has not made a good faith effort to comply with the wage and hour provisions of the NYLL with respect to providing Plaintiffs and the members of the In-House Staff Class with the notice required by NYLL § 195(1) and/or its supporting regulations.

120.     Upon information and belief, during at least 2011, 2012, and 2013, Defendant had a policy, practice, and/or procedure of failing to provide Plaintiffs and the members of In-House Staff Class with the wage rate notice required by NYLL § 195(1).

121.     Upon information and belief, due to Premier's violations of NYLL § 195(1), Plaintiffs and the In-House Staff Class are entitled to recover from Defendant fifty dollars for each day and/or workweek that the NYLL § 195(1) violations occurred, or continue to occur, up to a total of twenty-five hundred dollars and/or five thousand dollars, as provided for by NYLL § 198(1-b), in addition to reasonable attorneys' fees, costs, injunctive relief, and declaratory relief.

122.     At all times relevant, Defendant had a policy, practice, and/or procedure of failing to provide Plaintiffs and the members of In-House Staff Class with compliant wage statements as required by NYLL § 195(3), by providing wage statements that omitted the phone number of Premier, and/or failed to accurately include the amount of straight time actually worked, the amount of overtime actually worked, and/or the amount of vacation time actually taken by the employee.

123.     Upon information and belief, due to Premier's violations of NYLL § 195(3), Plaintiffs and the In-House Staff Class are entitled to recover from Defendant one hundred dollars and/or two hundred and fifty dollars for each day that the NYLL § 195(3) violations occurred, or continue to occur, up to a total of twenty-five hundred dollars and/or five thousand dollars, as provided for by NYLL § 198(1-d), in addition to reasonable attorneys' fees, costs,

injunctive relief, and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on their own behalf, and on behalf of the In-House

Staff Collective and In-House Staff Class, seek the following relief:

A.   That at the earliest possible time, Plaintiffs be allowed to give notice of this

collective action, or that the Court issue such notice, to the members of the

In-House Collective, as defined above.  Such notice shall inform them that

this civil action has been filed, of the nature of the action, and of their right

to join this lawsuit if they believe they were denied proper overtime wages;

B.   Unpaid overtime wages due pursuant to FLSA and/or NYLL and their

supporting regulations;

C.   Liquidated damages arising from Defendant's overtime compensation

violations as provided for under the FLSA and/or NYLL and their

supporting regulations;

D.   Certification of the In-House Staff Class set forth above pursuant to Rule

23 of the Federal Rules of Civil Procedure;

E.   Designation of Plaintiffs as class representatives and counsel of record as

Class Counsel;

F.   Pre-judgment interest and post-judgment interest;

G.   Issuance of a declaratory judgment that Premier had a policy and/or

practice of failing to pay all overtime owed, failing to provide wages rate

notices as required by NYLL § 195(1), failing to provide accurate wage

statement as required by NYLL § 195(3), and/or failing to include

Premier's phone number on its wage statements as required by NYLL §
195(3);

H.     Fifty dollars for each week and/or day that violations of NYLL § 195(1)

occurred or continue to occur, up to a total of twenty-five hundred and/or

five thousand dollars, as provided for by NYLL § 198(1-b);

I.     One hundred dollars and/or two hundred and fifty dollars, for each

workweek that the NYLL § 195(3) violations occurred or continue to

occur, up to a total of twenty-five hundred dollars and/or five thousand

dollars, as provided for by NYLL § 198(1-d);

J.     An injunction requiring compliance with, *inter alia*, NYLL § 195(1), (3);

K.     Reasonable attorneys' fees and costs; and

L.     Such other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury on all questions of fact raised by this Complaint.

Dated:  November 20, 2017
        New York, New York

                                Respectfully submitted,

                        By:     _____/s/ Cyrus E. Dugger_____
                                Cyrus E. Dugger

                                **THE DUGGER LAW FIRM, PLLC**
                                **154 Grand St.**
                                **New York, NY 10013**
                                **Tel: (646) 560-3208**

                                **SHULMAN KESSLER LLP**
                                **Troy Kessler**
                                **Saranicole Duaban**

**534 Broadhollow Road Suite #275**
**Melville, New York 11747**
**Tel: (631) 499-9100**

*Attorneys for Plaintiffs, the putative collective,*
*and the putative class*

# Exhibit A

## CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer(s), Premier Home Health Care Services, Inc. (a/k/a Premier Home Health Care, Inc.) ("Premier") and its related entities, to secure any relief that may be awarded, including back pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Premier and its related entities.

2. During the past 3 years, there were occasions when I worked for Premier (and/or its related entities) when I worked more than 40 hours in a week and did not receive proper overtime compensation for those hours.

3. I authorize Shulman Kessler LLP and The Dugger Law Firm, PLLC to represent me in this case.

Date: 12 · 14-17.

_____
Signature

_____
Print Name

## CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer(s), Premier Home Health Care Services, Inc. (a/k/a Premier Home Health Care, Inc.) ("Premier") and its related entities, to secure any relief that may be awarded, including back pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Premier and its related entities.

2. During the past 3 years, there were occasions when I worked for Premier (and/or its related entities) when I worked more than 40 hours in a week and did not receive proper overtime compensation for those hours.

3. I authorize Shulman Kessler LLP and The Dugger Law Firm, PLLC to represent me in this case.

Date: _11/13/17_

_____
Signature

_____
Print Name

## CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer(s), Premier Home Health Care Services, Inc. (a/k/a Premier Home Health Care, Inc.) ("Premier") and its related entities, to secure any relief that may be awarded, including back pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Premier and its related entities.

2. During the past 3 years, there were occasions when I worked for Premier (and/or its related entities) when I worked more than 40 hours in a week and did not receive proper overtime compensation for those hours.

3. I authorize Shulman Kessler LLP and The Dugger Law Firm, PLLC to represent me in this case.

Date: __11/14/17__

_____
                    Signature

_____
                    Print Name

## CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer(s), Premier Home Health Care Services, Inc. (a/k/a Premier Home Health Care, Inc.) ("Premier") and its related entities, to secure any relief that may be awarded, including back pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Premier and its related entities.

2. During the past 3 years, there were occasions when I worked for Premier (and/or its related entities) when I worked more than 40 hours in a week and did not receive proper overtime compensation for those hours.

3. I authorize Shulman Kessler LLP and The Dugger Law Firm, PLLC to represent me in this case.

Date: 11/16/17

_____
Signature

URA GERMOSEN
_____
Print Name

# Exhibit B

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 120 |
|-----|------|-------|-------|-----------|-----|
| 11R | 284980 | 200 | | 0000320480 | 1 |

# Earnings   Statement



PREMIER  HOME  HEALTH  CARE
445 HAMILTON AVE, 10TH FLOOR
WHITE PLAINS, NEW YORK 10601

| | |
|---|---|
| Period  Beginning: | 07/18/2015 |
| Period  Ending: | 07/31/2015 |
| Pay  Date: | 08/07/2015 |

Taxable  Marital  Status:   Married
Exemptions/Allowances:
   Federal:     1
   NY:       1

**YUDELKY   CONTRERAS**

▬▬▬▬▬▬▬▬▬▬

**MOUNT  VERNON  NY  10552**

| Earnings | rate | hours | this  period | year  to  date |
|----------|------|-------|--------------|----------------|
| Regular | 20.0187 | 83.25 | 1,666.56 | 23,426.90 |
| Overtime | | | | 60.06 |
| Holiday  Pay | | | | 1,281.20 |
| Vacation | | | | 1,921.80 |
| **Gross  Pay** | | | **$1,666.56** | 26,689.96 |

Your  NY  taxable  wages  this  period  are
$1,616.88

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal  Income  Tax | -134.36 | 2,160.94 |
| | Social  Security  Tax | -100.25 | 1,608.58 |
| | Medicare  Tax | -23.45 | 376.20 |
| | NY  State  Income  Tax | -69.45 | 1,115.95 |
| | NY  SUI/SDI  Tax | -1.20 | 19.20 |
| | **Other** | | |
| | Aflac  Acc | -2.02 | 30.30 |
| | Aflac  Hi | -4.88 | 73.20 |
| | Med  2500 Pre | -49.68* | 745.20 |
| | Ny  Credit  Union | -20.00 | 320.00 |
| | **Net Pay** | **$1,261.27** | |
| | Checking  1 | -1,261.27 | |
| | **Net Check** | **$0.00** | |

\*  **Excluded  from  federal  taxable  wages**

Your  federal  taxable  wages  this  period  are
$1,616.88

© 2000  ADP,  LLC

PREMIER  HOME  HEALTH  CARE
445  HAMILTON  AVE ,  10TH  FLOOR
WHITE  PLAINS ,  NEW  YORK  10601

| | |
|---|---|
| Advice number: | 00000320480 |
| Pay  date: | 08/07/2015 |

THIS IS NOT A CHECK

| Deposited   to  the  account  of | account  number | transit  ABA | amount |
|----------------------------------|-----------------|--------------|--------|
| YUDELKY   CONTRERAS | ▬▬▬ | xxxx  xxxx | $1,261.27 |

# NON-NEGOTIABLE

# Exhibit C

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 120 |
|-----|------|-------|-------|-----------|-----|
| 11R | 294383 | 200 | | 0000460391 | 1 |

# Earnings Statement



PREMIER  HOME  HEALTH  CARE
445 HAMILTON AVE, 10TH FLOOR
WHITE PLAINS, NEW YORK 10601

Period  Beginning:       10/26/2013
Period  Ending:           11/08/2013
Pay  Date:                   11/15/2013

Taxable  Marital  Status:   Married
Exemptions/Allowances:
   Federal:            3
   NY:                  3

**CARMEN   V.   WUN**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**HARRISON   NY  10528**

Social  Security  Number:   XXX-XX-XXXX

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 13.7916 | 87.50 | 1,206.77 | 23,731.93 |
| Overtime | 20.6874 | 6.00 | 124.12 | 1,034.36 |
| Holiday Pay | | | | 772.32 |
| Vacation | | | | 2,978.98 |
| **Gross Pay** | | | **$1,330.89** | 28,517.59 |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal  Income  Tax | -56.17 | 1,259.52 |
| | Social  Security  Tax | -82.51 | 1,768.09 |
| | Medicare  Tax | -19.30 | 413.51 |
| | NY  State  Income  Tax | -46.90 | 950.56 |
| | NY  SUI/SDI  Tax | -1.20 | 27.60 |
| | New  York  Cit  Income  Tax | | 117.12 |
| | **Other** | | |
| | Checking  1 | -574.81 | |
| | Ny  Credit  Union | -550.00 | 12,650.00 |
| | **Net Pay** | **$0.00** | |

Your  federal  taxable  wages  this  period  are
$1,330.89
Your  NY  taxable  wages  this  period  are
$1,330.89

© 2009 ADP, Inc

PREMIER  HOME  HEALTH  CARE
445 HAMILTON  AVE , 10TH  FLOOR
WHITE  PLAINS , NEW  YORK 10601

Advice number:        00000460391
Pay  date:                  11/15/2013

Deposited  to  the  account  of
**CARMEN  V. WUN**

| | account  number | transit  ABA | amount |
|---|---|---|---|
| | ▮▮▮▮▮ | XXXX  XXXX | $574.81 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

# Exhibit D

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 120 |
|-----|------|-------|-------|-----------|-----|
| 11R | 293745 | 200 | | 0900430527 | 11 |

**Earnings   Statement**



PREMIER HOME HEALTH CARE
445 HAMILTON AVE, 10TH FLOOR
WHITE PLAINS, NEW YORK 10601

| Period Beginning: | 10/08/2016 |
|---|---|
| Period Ending: | 10/21/2016 |
| Pay Date: | 10/28/2016 |

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:          0
NY:               0
New York Cit:     0

**PURA L GERMOSEN**

███████████████████

**BRONX, NY 10468**

| **Earnings** | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 13.0080 | 81.50 | 1,060.15 | 19,827.48 |
| Overtime | | | | 4.88 |
| Holiday Pay | | | | 728.43 |
| Jury Duty | | | | 208.13 |
| Vacation | | | | 2,315.39 |
| **Gross Pay** | | | **$1,060.15** | 23,084.31 |

Your federal taxable wages this period are
$1,002.72
Your NY taxable wages this period are
$1,002.72
Your New York Cit taxable wages this period are
$1,002.72

| **Deductions** | **Statutory** | | |
|---|---|---|---|
| | Federal Income Tax | -119.60 | 2,485.02 |
| | Social Security Tax | -62.16 | 1,360.01 |
| | Medicare Tax | -14.54 | 318.07 |
| | NY State Income Tax | -33.94 | 689.22 |
| | New York Cit Income Tax | -22.72 | 463.82 |
| | NY SUI/SDI Tax | -1.20 | 26.40 |
| | **Other** | | |
| | Den Hmo Pre | -10.82* | 216.40 |
| | Med 800 Pre | -44.76* | 895.20 |
| | Ny Credit Union | -20.00 | 320.00 |
| | Vis Pre | -1.85* | |
| | 401K | | 850.00 |
| | **Net Pay** | | **$728.56** |
| | Checking 1 | -728.56 | |
| | **Net Check** | | **$0.00** |

**Other Benefits and Information**

| | this period | total to date |
|---|---|---|
| 401(K) | | 850.00 |

**\* Excluded from federal taxable wages**

© 2000 ADP, LLC

PREMIER HOME HEALTH CARE
445 HAMILTON AVE, 10TH FLOOR
WHITE PLAINS , NEW YORK 10601

| Advice number: | 00000430527 |
|---|---|
| Pay date: | 10/28/2016 |

Deposited to the account of
PURA L GERMOSEN

| account number | transit ABA | amount |
|---|---|---|
| ██████████ | xxxx  xxxx | $728.56 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

# Exhibit E

## <u>4.0 -PAY PRACTICES</u>

A pay cycle, or a pay week, is Saturday through Friday. All staff employees are required to complete a timesheet for each bi-weekly payroll.

Regular hours are your normal scheduled work hours (40 hours or 32 hours or 24 hours, etc.).

Hourly Employees (Non-Exempt) are paid <u>time and a half</u> when more than 40 hours are **worked** within a week.  Paid time off, holidays and your 45 minute lunch break are NOT included in this calculation.  Example: An employee must work over 43.75 hours in order to be eligible for overtime pay during a normal work with no time off other than meal breaks.

Overtime must be pre-approved by your manager. Before the payroll is processed, HR will look for signatures on the timesheets for pre-authorization of OT. If an employee works overtime that has not been pre-approved, this may result in disciplinary action.

For Hourly Employees, time worked <u>in the branch office</u> on Saturday and Sunday will be paid as regular hours worked and may be subject to overtime depending on the total hours worked during the week.  Operations Managers will receive a stipend for time spent in the office on a Saturday and/or Sunday. (Please refer to the standard Rate Schedule for your location.)

On-Call stipends will vary from operation to operation depending on volume.  (Please refer to the standard on-call rate for your location.)

Hourly Employees who work in the office on a company paid holiday, will receive holiday pay (8 hours) plus actual hours worked.  Operations Managers will receive a holiday stipend plus the holiday pay.  On-Call staff in all locations will receive a holiday stipend for coverage on any of the company holidays.



04/01/07
Reviewed GC

# Exhibit F

## 3.8 - WORK SCHEDULES

### Hours of Work
The normal work schedule for full time employees is eight hours a day, five days a week; with a daily forty-five minute lunch break.

Premier's offices are generally open from 8:00 a.m. to 6:00 p.m. With approval from a supervisor, full time employees may use a flexible work schedule to ensure adequate coverage. The scheduling of employee hours is directed toward our clients needs. It is therefore inappropriate for personnel to take prolonged periods of time away from their job or to be late. This puts a burden on the other members of the staff as well as our customers. If you know that you will be more than fifteen minutes late, you will be expected to call your supervisor. Likewise, if you will be absent, you are required to call, before your scheduled start time. Voice mail, email, or the company answering service is not an appropriate means of communicating with management unless there is an emergency situation. If this is the case, it is expected that the employee will call their supervisor as soon as is practicable.

### Lunch Break
Employees are entitled to a forty-five minute lunch break, which should be taken between 12 noon and 2:00 p.m. Employees are required to complete their lunch break no later than 2:00 p.m. Employees will be relieved of all active responsibilities and restrictions during meal periods.

Your scheduled starting time and lunch break schedule should be discussed with and approved by your immediate supervisor and communicated to the office administrator/department head.

### Overtime
During busy periods Premier will find it necessary to require overtime. Whenever possible, advance notification and or voluntary acceptance of overtime will be attempted.

All overtime work must receive your supervisor's prior authorization. Failure to obtain pre-approval of incurred overtime may result in disciplinary action. Overtime compensation is paid to all nonexempt employees in accordance with federal and state wage and hour regulations. Overtime pay is based on actual hours worked. Time off for lunch breaks, holidays, sick leave, vacation leave, or any leave of absence will not be considered time worked for purposes of overtime calculations.

*Failure to comply with work schedule requirements will be considered in evaluations for promotions and salary review. Frequent violation of these rules may be cause for disciplinary action, up to and including possible termination of employment.*

