**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
Margarita Gonzalez, Yudelky Contreras,    :    **Civil Action No. 17-CV-09063**
Carmen Alvarez f/k/a Carmen Wun, and   :    **(JMF)(BM)**
Pura Germosen, *individually*           :
*and on behalf of all others similarly situated,*  :
                               :
            Plaintiffs,        :
                               :
    - against -            :
                               :
Premier Home Health Care Services, Inc.,  :
                               :
            Defendant.       :
----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(6)

**PUTNEY, TWOMBLY, HALL & HIRSON LLP**

521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Defendant*
*Premier Home Health Care Services, Inc.*

Of Counsel:
    James E. McGrath, III
    Steven J. Seidenfeld

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

RELEVANT FACTS ................................................................................................... 3

    A. The Parties ................................................................................................ 3
    B. Premier's Compensation Policies ............................................................ 4
    C. Plaintiffs Were Not Improperly Denied Overtime Pay ............................ 4

ARGUMENT ............................................................................................................... 8

POINT I     APPLICABLE PLEADING STANDARDS FOR A MOTION TO DISMISS ... 8

POINT II    PLAINTIFFS HAVE FAILED TO SATISFY THE APPLICABLE
              PLEADING STANDARDS ................................................................... 9

POINT III  PLAINTIFFS CANNOT STATE A CLAIM FOR UNPAID OVERTIME
              PREMIUMS UNDER EITHER THE FLSA OR THE NYLL ......................... 10

    A. Plaintiffs Were Not Improperly Denied Overtime Pay ............................ 11
    B. Paying Employees for Meal Breaks Cannot Convert Non-Worked
       Time to Hours Worked ............................................................................ 13
    C. Premier Properly Excludes Non-Worked Time From Hours Worked
       When Determining Overtime Eligibility ................................................ 14

POINT IV  PLAINTIFFS CANNOT STATE A CLAIM UNDER
              NYLL SECTION 195 .......................................................................... 15

    A. Plaintiffs Cannot State a Violation of NYLL Section 195(1) ................... 15
    B. Plaintiffs Cannot State a Violation of NYLL Section 195(3) ................... 17

POINT V    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
              JURISDICTION OVER ANY REMAINING STATE LAW CLAIMS ........... 19

CONCLUSION ........................................................................................................... 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ahmed v. Morgans Hotel Grp. Mgmt., LLC,
54 Misc. 3d 1220(A), 55 N.Y.S.3d 691 (N.Y. Sup. Ct. 2017) ...........................................18, 19

Ashcroft v. Iqbal,
556 U.S. 662 (2009).......................................................................................................9, 10

Barefield v. Vill. of Winnetka,
81 F.3d 704 (7th Cir. 1996) ...........................................................................................13

Barry v. Town of Elma,
2005 WL 711842 (W.D.N.Y. Mar. 28, 2005) ...........................................................13

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007).......................................................................................................9, 10

Betancourt v. City of New York HRA/DSS,
2007 WL 2948345 (S.D.N.Y. Oct. 9, 2007).............................................................8

Canelas v. World Pizza, Inc.,
2017 WL 1233998 (S.D.N.Y. Mar. 31, 2017)..........................................................16

Clarke v. Leading Hotels of the World, Ltd.,
2015 WL 6686568 (S.D.N.Y. Oct. 29, 2015).............................................................19

Davis v. Columbia Univ.,
2010 WL 2143665 (S.D.N.Y. May 26, 2010) ...........................................................8

De Jesus v. Sears, Roebuck & Co., Inc.,
87 F.3d 65 (2d Cir. 1996) ...........................................................................................8, 9, 10

DeJesus v. HF Mgmt. Servs., LLC,
726 F.3d 85 (2d Cir. 2013) ...........................................................................................11

Douglas v. Xerox Bus. Servs., LLC,
2015 WL 10791972 (W.D. Wash. Dec. 1, 2015) ....................................................13

Fernandez v. Wells Fargo Bank, N.A.,
2013 WL 4540521 (S.D.N.Y. Aug. 28, 2013).........................................................15

Guan Ming Lin v. Benihana N.Y. Corp.,
2012 WL 7620734 (S.D.N.Y. Oct. 23, 2012).........................................................16

Hanig v. Yorktown Cent. Sch. Dist.,
    384 F. Supp. 2d 710 (S.D.N.Y. 2005) ....................................................... 8

Hinckley v. Seagate Hosp. Grp., LLC,
    2016 WL 6524314 (W.D.N.Y. Nov. 3, 2016) ...................................... 16

Jones v. SCO Family of Servs.,
    2016 WL 7188152 (S.D.N.Y. Dec. 2, 2016) ....................................... 19

Kolari v. N.Y.-Presbyterian Hosp.,
    455 F.3d 118 (2d Cir. 2006) ............................................................ 19

Kone v. Joy Constr. Corp.,
    2016 WL 866349 (S.D.N.Y. Mar. 3, 2016) ................................... 15, 16

Lundy v. Catholic Health Sys. of Long Island Inc.,
    711 F.3d 106 (2d Cir.2013) ............................................................. 11

Martin v. Sprint United Mgmt. Co.,
    2017 WL 5028621 (S.D.N.Y. Oct. 31, 2017) ................................. 18, 19

Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.,
    723 F.3d 192 (2d Cir.2013) ............................................................. 11

O'Hara v. Menino,
    253 F. Supp. 2d 147 (D. Mass. 2003) .............................................. 13

Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,
    507 F.3d 117 (2d Cir. 2007) ............................................................ 10

Reich v. S. New England Telecomms. Corp.,
    121 F.3d 58 (2d Cir. 1997) .............................................................. 13

Ruiz v. Citibank, N.A.,
    93 F. Supp. 3d 279 (S.D.N.Y. 2015) ............................................... 10

In re Scholastic Corp. Sec. Litig.,
    252 F.3d 63 (2d Cir. 2001) ........................................................... 8, 12

Thompson v. Jennings & Hartwell Fuel Oil Corp.,
    2015 WL 5437492 (E.D.N.Y. Aug. 27, 2015) .................................. 11

U.S. v. Space Hunters, Inc.,
    429 F.3d 416 (2d Cir. 2005) .............................................................. 8

Wal-Mart Stores, Inc. v. Dukes,
    564 U.S. 338 (2011).................................................................... 12, 15

Yuquilema v. Manhattan's Hero Corp.,
    2014 WL 4207106 (S.D.N.Y. Aug. 20, 2014) ........................................................................ 16

**Statutes**

28 U.S.C. § 1367(c) ............................................................................................................ 19

Fair Labor Standards Act .............................................................................................. *passim*

NYLL § 195(1) ................................................................................................................. *passim*

NYLL § 195(3) ................................................................................................................. *passim*

NYLL §198 ............................................................................................................... 17, 18, 19

NYLL § 198(1-d) ...................................................................................................................... 3

**Other Authorities**

29 C.F.R. § 785.19 ............................................................................................................... 13

Federal Rule of Civil Procedure Rule 8(a)(2) ...................................................................... 9

Federal Rule of Civil Procedure Rule 12(b)(6) ............................................................ 1, 8, 9

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by Putney, Twombly, Hall and Hirson LLP, on behalf of Defendant Premier Home Health Care Services, Inc., ("Premier"), in support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint of Plaintiffs Margarita Gonzalez, Yudelky Contreras, Carmen Alvarez, and Pura Germosen ("Plaintiffs").   Plaintiffs' Complaint alleges the following claims on behalf of themselves and others allegedly similarly situated: (1) failure to pay overtime for all hours worked in excess of 40 per workweek in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); (2) failure to provide annual wage notices or wage notices at time of hire from 2011 through 2013 in violation of NYLL § 195(1); and (3) failure to provide Plaintiffs with wage statements that contained Premier's telephone number, as well as Plaintiffs' hours worked and vacation time used, in violation of NYLL § 195(3).  As demonstrated below, no set of facts entitle Plaintiffs to relief on any of these claims and therefore their Complaint must be dismissed in its entirety.

Plaintiffs' overtime claims are based solely on their deliberate misreading of Premier's policy of providing non-exempt employees with a **paid** 45-minute meal period but not including such non-work time in its calculation of hours worked for overtime purposes.  This policy is lawful and Plaintiffs' misapprehension of such policy cannot alter this fact.  The allegations regarding Premier's wage statements are unmistakably contradicted by these very wage statements as well as the time records, all of which clearly demonstrate that Plaintiffs were not improperly denied overtime pay when they worked in excess of 40 hours in a workweek.

Plaintiffs assert that paid meal periods should be included as hours worked for the purposes of calculating entitlement to overtime premiums despite the fact that such practice is

undeniably not required by either state or federal law. They also make this claim without alleging that they performed a single minute of work during these paid meal periods or any other period of work for which they were not compensated. Premier's employee handbook explicitly states that: (1) non-exempt employees are to be relieved of all duty and responsibilities during their meal periods; and (2) non-work time, including meal breaks, are excluded from calculating eligibility for overtime pay. Therefore, Plaintiffs overtime claims must be dismissed. See Point III, *infra*.

Similarly, Plaintiffs claims under NYLL §195(1) must be dismissed. See Point IV, *infra*. Plaintiffs allege that Premier violated NYLL § 195(1) by failing to provide Plaintiffs with an annual wage notice from 2011 through 2013. Initially, Plaintiffs' claim for a violation of NYLL §195(1) for failing to provide an annual wage notice in 2011 is irrelevant as the New York Wage Theft Protection Act ("WTPA"), which created this obligation, did not go into effect until April 9, 2011, and did not require the first notices to be sent to current employees until February 2012. Therefore, the fact that Premier did not provide Plaintiffs with these notices in 2011 is of no consequence. Further, Plaintiffs' claim of a violation for failure to provide these notices in 2012 and 2013 are factually and legally deficient. First, the WTPA did not create a private right of action for employees who did not receive these annual notices. Second, Premier did in fact provide Plaintiffs with annual wage notices in 2012 and 2013. As such this claim should be dismissed in its entirety.

Finally, as demonstrated in Point IV, *infra*, Plaintiffs' claims under NYLL §195(3) must also be dismissed. Plaintiffs allege that Premier failed to provide wage statements that contained Premier's telephone number, as well as their proper rates of pay, and amount of vacation time actually used. NYLL § 195(3) does not require wage statements to include the amount of

2

vacation time used.  Neither the statute itself nor any case so states.  Plaintiffs' claim that their wage statements did not include information on their rates of pay is patently contradicted by the wage statements attached to the Complaint.  Lastly, while Premier did not include its telephone number in Plaintiffs' wage statements this mere technical violation is insufficient to create a cause of action.  In fact, as the facts do not demonstrate that Plaintiffs were actually paid improperly, Premier is entitled to use the affirmative defense established in NYLL § 198(1-d), which provides a complete defense for technical violations of NYLL § 195(3) when an employee received all wages due.  Accordingly, Plaintiffs cannot sustain any of the causes of action alleged in the Complaint and the Complaint should be dismissed in its entirety as a matter of law.

## **RELEVANT FACTS**

### A. **The Parties**

Premier provides home healthcare services to patients in New York State.  Plaintiffs worked for Premier in a variety of "in-house office staff positions" (i.e., office/administrative positions) at Premier's branch office located at 2510 Westchester Avenue, Bronx, New York, 10461.  At no time did they provide home healthcare services to any Premier patient. (O'Sullivan Decl. Ex. A ("Complaint") ¶ 2).  Plaintiffs were classified by Premier as non-exempt and were therefore eligible for overtime pay at time and one-half their regular rate when they worked more than 40 hours in a workweek. (Id.).

- Plaintiff Margarita Gonzalez ("Ms. Gonzalez") worked for Premier as a Staffing Coordinator from approximately 2010 until January 12, 2017.  (Id. at ¶ 9).

- Plaintiff Yudelky Contreras ("Ms. Contreras") worked for Premier as a Compliance Coordinator from approximately 2010 to 2014 and as a Payroll Coordinator from approximately 2014 until January 12, 2017.  (Id. at ¶ 21).

- Plaintiff Carmen Alvarez ("Ms. Alvarez") worked for Premier as a Payroll Coordinator from approximately September 22, 2008, until April 7, 2016.  (Id. at ¶ 34).

3

- Plaintiff Pura Germosen ("Ms. Germosen") worked for Premier as a Recruiter from approximately 2004 to 2013 and as an Attendance Coordinator from 2013 to January 12, 2017. (Id. at ¶ 47).

## B. Premier's Compensation Policies

Premier provides its non-exempt employees with a paid daily 45-minute lunch break during which they are "relieved of all actual responsibilities and restrictions." (Id. at Ex. F ("Lunch Break")). Consistent with the FLSA and NYLL, Premier's policy regarding what hours will be considered for purposes of calculating overtime eligibility explicitly states that "time off for lunch breaks, holidays, sick leave, vacation leave, or any leave of absence will not be considered time worked for purposes of calculating overtime." (Id. at Ex. F ("Overtime")). Since at least 2011, Premier has paid its non-exempt employees for this 45-minute lunch break even though the employees are relieved of all duties and responsibilities. (O'Sullivan Decl. ¶ 4).

## C. Plaintiffs Were Not Improperly Denied Overtime Pay

Each Plaintiff provides a single specific instance where it is alleged she worked more than 40 hours in a workweek but did not receive overtime pay. (Complaint ¶¶ 18, 28, 41, 54). However, these claims are plainly and completely contradicted by the wage statements attached to the Complaint and by the corresponding time records for those wage statements. The corresponding time records clearly indicate that Plaintiffs were paid for their 45-minute lunch periods. As there is no allegation by Plaintiffs that they ever worked through these paid meal breaks, they cannot plausibly allege that these hours should be counted towards calculating eligibility for overtime pay.[1]

---

[1] For ease of reference, a summary of the data contained in the timesheets is attached to the O'Sullivan Declaration in Exhibits B-E. (O'Sullivan Decl. Ex. F).

<u>Ms. Gonzalez</u>

Ms. Gonzalez alleges that during the workweek of December 17-December 23, 2016, Premier failed to pay her overtime premiums for all hours worked over 40. (Complaint ¶ 18). However, a review of Ms. Gonzalez's time records for that workweek demonstrate that she did not work over 40 hours and therefore was not entitled to overtime pay for any hours worked. (O'Sullivan Decl. Ex. B). For the workweek beginning December 19, 2016, Ms. Gonzalez was paid for 40 hours at her regular rate. (<u>Id</u>.). However, Ms. Gonzalez's time records demonstrate each day she took a 45-minute meal period, by clocking out in the middle of the day and clocking back in 45 minutes later. (<u>Id</u>.). Ms. Gonzalez does not allege that she worked during these 45-minute paid lunch breaks, and as such, pursuant to Premier's policy, these 3.75 hours are not hours of work and are not included in determining overtime eligibility. Thus, it is irrefutable that Ms. Gonzalez only worked 36.25 hours during that workweek and was not entitled to an overtime premium for any hours worked. (<u>Id</u>.).

<u>Ms. Contreras</u>

Ms. Contreras alleges that during the pay period of July 18-July 31, 2015, she should have been paid at her regular rate for 80 hours and her overtime rate for 3.25 hours. (Complaint ¶ 28). However, Ms. Contreras's time records for that pay period demonstrate she did not work over 40 hours in either workweek. (O'Sullivan Decl. Ex. C). The workweek of July 20-July 24, 2015, Ms. Contreras was paid for 43 hours. (<u>Id</u>.). However, Ms. Contreras's time records demonstrate each day she took a 45-minute meal period, by clocking out in the middle of the day and clocking back in 45 minutes later. (<u>Id</u>.). As Ms. Contreras does not allege she worked during these 45-minute paid lunch breaks, these 3.75 hours are not hours of work. Therefore, Ms. Contreras only worked 39.25 hours the workweek of July 20, 2015, and was not entitled to

an overtime premium for any hours worked.  (Id.).

Similarly, Ms. Contreras was paid for 40.25 hours for the workweek beginning July 25, 2015.  (Id.).  However, Ms. Contreras's time records demonstrate she took a 45-minute meal period four days that week, by clocking out in the middle of the day and clocking back in 45 minutes later.  (Id.).  As Ms. Contreras does not allege she worked during these 45-minute paid lunch breaks, these 3 hours are not hours of work.  Therefore, Ms. Contreras only worked 37.25 hours the workweek of July 25, 2015, and was not entitled to an overtime premium for any hours worked. (Id.).

Ms. Alvarez

Ms. Alvarez alleges that during the pay period of October 26-November 8, 2013, she should have been paid 80 hours at her regular rate and 13.5 hours at her overtime rate. (Complaint ¶ 41).  However, Ms. Alvarez's time records for that pay period demonstrate that she was provided with overtime pay for all hours she worked over 40 in each workweek. (O'Sullivan Decl. Ex. D).  For the workweek of October 28-November 1, 2015, Ms. Alvarez was paid for 46.25 hours, including 42.75 hours at her regular rate and 2.75 hours at her overtime rate.  (Id.).  However, Ms. Alvarez's time records clearly demonstrate that each day she took a 45-minute meal period, by clocking out in the middle of the day and clocking back in 45 minutes later.  (Id.).  As Ms. Alvarez does not allege she worked during these 45-minute paid lunch breaks, these 3.75 hours are not hours of work.  Therefore, that workweek, Ms. Alvarez only worked 2.75 hours for which she was entitled to receive overtime pay, which she received and which is reflected in her wage statement attached to the Complaint.  (Complaint Ex. C).

Similarly, for the week of November 4-8, 2015, Ms. Alvarez was paid for 47 hours, including 43.25 at her regular rate and 3.25 hours at her overtime rate.  (O'Sullivan Decl. Ex. D).

6

However, Ms. Alvarez's time records demonstrate that each day she took a 45-minute meal period, by clocking out in the middle of the day and clocking back in 45 minutes later. (Id.). As Ms. Alvarez does not allege she worked during these 45-minute paid lunch breaks, these 3.75 hours are not hours of work. Therefore, during that workweek, Ms. Alvarez only worked 3.25 hours for which she was entitled to receive an overtime premium. That amount is reflected in her pay statement attached to the Complaint. (Complaint Ex. C).

Ms. Germosen

Ms. Germosen alleges that during the pay period of October 8-October 21, 2016, she should have been paid at her regular rate for 80 hours and her overtime rate for 1.50 hours. (Complaint ¶ 54). However, Ms. Germosen's time records for that pay period demonstrate that she did not work over 40 hours in either workweek. (O'Sullivan Decl. Ex. E). The workweek of October 10-14, 2016, Ms. Germosen was paid for 40 hours. (Id.). However, Ms. Germosen's time records demonstrate each day she took a 45-minute meal period, by clocking out in the middle of the day and clocking back in 45 minutes later. (Id.). As Ms. Germosen does not allege she worked during these 45-minute paid lunch breaks, these 3.75 hours are not hours of work. Therefore, Ms. Germosen only worked 36.25 hours the workweek of October 10, 2016, and was not entitled to an overtime premium for any hours worked. (Id.).

Similarly, Ms. Germosen was paid 40.25 hours for the workweek beginning October 15, 2016. (Id.). However, Ms. Germosen's time records demonstrate that she took a 45-minute meal period four days that week, by clocking out in the middle of the day and clocking back in 45 minutes later. (Id.). As Ms. Germosen does not allege she worked during these 45-minute paid lunch breaks, these 3 hours are not hours of work. Therefore, Ms. Germosen only worked 38.5

7

hours the workweek of October 15, 2016, and was not entitled to an overtime premium for any hours worked.  (Id.).

## ARGUMENT

### POINT I

### APPLICABLE PLEADING STANDARDS FOR A MOTION TO DISMISS

A party may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), a motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69 (2d Cir. 2001) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  In ruling on a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." U.S. v. Space Hunters, Inc., 429 F.3d 416, 424 (2d Cir. 2005).

The court may also consider any documents: (1) attached to the complaint; (2) incorporated by reference in the complaint; or (3) that are "integral" to a plaintiff's claims, even if the documents are not explicitly incorporated by reference. De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 69 (2d Cir. 1996); see also Davis v. Columbia Univ., 2010 WL 2143665, at *2 (S.D.N.Y. May 26, 2010); Betancourt v. City of New York HRA/DSS, 2007 WL 2948345, at *2 (S.D.N.Y. Oct. 9, 2007) (citing Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)); Hanig v. Yorktown Cent. Sch. Dist., 384 F. Supp. 2d 710, 721 (S.D.N.Y. 2005).  There can be no doubt that the time records and wage notices attached to the O'Sullivan Declaration are both incorporated by reference and integral to Plaintiffs' claims.  The time records attached as Exhibits B-F of the O'Sullivan Declaration correspond directly to the workweeks referenced in

8

the Complaint as do the wage statements for those workweeks. (*Compare* Complaint ¶ 18 *with* O'Sullivan Decl. Ex. B (Ms. Gonzalez); *compare* Complaint ¶ 28 and Ex. B *with* O'Sullivan Decl. Ex. C (Ms. Contreras); *compare* Complaint ¶ 41 and Ex. C *with* O'Sullivan Decl. Ex. D (Ms. Alvarez); and *compare* Complaint ¶ 54 and Ex. D with O'Sullivan Decl. Ex. E (Ms. Germosen)). Further, the annual wage notices included in the O'Sullivan Declaration as Exhibit G are explicitly referenced in the Complaint. Therefore, all of these documents are properly considered by the Court in deciding Premier's motion. (See Complaint ¶¶ 12, 24, 37, 50). De Jesus, 87 F.3d at 69 (holding that documents that are incorporated by reference and integral to the complaint are properly considered by the court on a motion to dismiss).

## POINT II

### PLAINTIFFS HAVE FAILED TO SATISFY THE APPLICABLE PLEADING STANDARDS

The Complaint fails to allege sufficient facts to state claims for failure to pay overtime premiums and recordkeeping violations. Indeed, the Complaint does not satisfy the pleading standards established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 545-55 (internal quotations omitted). To survive a Rule 12(b)(6) motion, a complaint must set forth sufficient factual allegations that are "enough to raise a right to relief above the speculative level." Id. at 555. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 664. Specifically, a complaint either must contain sufficient factual matter to state a claim to relief that is plausible on its face, or it must be dismissed. Id. at 664.

9

Where the facts alleged are "merely consistent with" defendant's liability, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 664 (citing Twombly, 550 U.S. at 557). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. at 1950.

Plaintiffs' Complaint is legally insufficient since it fails to allege the requisite elements of the claims asserted. Plaintiffs' Complaint does not allege facts "consistent with" the conclusion that violations of the law occurred, nor do Plaintiffs assert facts that "actively and plausibly suggest the conclusion." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007). Accordingly, the Complaint has not met the Twombly and Iqbal pleading standards and must be dismissed. See De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions" were not sufficient to withstand a motion to dismiss).

### POINT III

### PLAINTIFFS CANNOT STATE A CLAIM FOR UNPAID OVERTIME PREMIUMS UNDER EITHER THE FLSA OR THE NYLL

The FLSA and NYLL require qualifying employers to pay non-exempt employees no less than the minimum wage, and to compensate non-exempt employees for hours worked in excess of 40 per workweek at a rate not less than one-and-one-half times their regular rate of pay. Ruiz v. Citibank, N.A., 93 F. Supp. 3d 279, 286-87 (S.D.N.Y. 2015). In the Second Circuit, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time [worked] in excess of the 40

hours." <u>Lundy v. Catholic Health Sys. of Long Island Inc.</u>, 711 F.3d 106, 114 (2d Cir.2013).[2] This means that Plaintiffs must allege both that: (1) they actually performed work for 40 hours in a workweek; and (2) then work of some amount over 40 hours for which they were not compensated. <u>See</u> <u>Ramos v. City of New York Fire Dep't</u>, 2014 WL 2111687, at *2-4 (S.D.N.Y. May 9, 2014). To "plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." <u>Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.</u>, 723 F.3d 192, 201 (2d Cir.2013). Further, the Second Circuit requires that plaintiffs allege at a minimum a specific instance when the alleged violation occurred "to provide some factual context that will nudge their claim from conceivable to plausible." <u>DeJesus v. HF Management Services, LLC</u>, 726 F.3d 85, 90 (2d Cir. 2013).

## A. <u>Plaintiffs Were Not Improperly Denied Overtime Pay</u>

Plaintiffs fail to meet this pleading standard. Although Plaintiffs address the specificity requirement by providing specific instances of alleged violations, they still do not meet the pleading standard because these instances undeniably do not demonstrate a failure to pay overtime. Put differently, while the Complaint is specific, its specificity does not demonstrate a wage violation. Referencing a specific workweek or pay period cannot alter the fundamental pleading requirement for an FLSA claim -- that a complaint must allege that a plaintiff was not paid for <u>time worked</u> or not paid an overtime premium for <u>hours worked</u> over 40 in a workweek.

As discussed above, the allegations in the Complaint, the attached wage statements, and the corresponding time records, conclusively demonstrate that: (1) Ms. Gonzalez, Ms. Contreras,

---

[2] Overtime claims under the FLSA and NYLL are subject to the same standards. <u>DeJesus v. HF Mgmt. Servs., LLC</u>, 726 F.3d 85, 89 & n.5 (2d Cir. 2013); <u>see also</u> <u>Thompson v. Jennings & Hartwell Fuel Oil Corp.</u>, 2015 WL 5437492, *7-8 (E.D.N.Y. Aug. 27, 2015) ("NYLL overtime provisions explicitly apply the FLSA overtime provisions to New York employers.") <u>citing</u> <u>Suggs v. Crosslands Transp., Inc.</u>, 2015 WL 1443221, at *5 (E.D.N.Y. Mar. 27, 2015) ("New York's Labor Law is the state analogue to the federal FLSA. . . . [The NYLL] mirrors the FLSA in most aspects, including its wage and overtime compensation provisions.").

and Ms. Germosen did not work more than 40 hours in the workweeks identified in the Complaint and are therefore not entitled to overtime pay; and (2) Ms. Alvarez was paid at her overtime rate for all hours that she worked over 40 in the workweeks identified in the Complaint.

Further, Plaintiffs do not allege, either for the specific workweeks referenced or more generally, that they ever worked through lunch, performed any off-the-clock work, or that Premier did not follow its policy of relieving them of all duties during their paid meal periods. Based on the allegations in the Complaint, attached wage statements, and corresponding time records, there are simply no set of facts consistent with the allegations in the Complaint that demonstrate Plaintiffs are entitled to any relief for their overtime claims. See In re Scholastic Corp. Sec. Litig., 252 F.3d at 69. The allegations in the Complaint do not present factual issues as the Complaint itself and the documents referenced therein, attached thereto, and incorporated by reference therein, all conclusively demonstrate that there has been no overtime violation. It bears noting that any claim that Plaintiffs did in fact work through their lunch break would effectively defeat any chance of class or collective treatment of this matter. If the case is to turn on whether scores of individuals worked through their lunch breaks during a six-year period – despite a written policy insisting that employees not work through lunch— it would transform this case into separate trials for each putative plaintiff for each workweek for a six-year period. See Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 355 (2011) (claims of harassment and discrimination were not amenable to class treatment where the employer had a written anti-discrimination policy).

### B. Paying Employees for Meal Breaks Cannot Convert Non-Worked Time to Hours Worked

The mere fact that Premier pays non-exempt employees for their meal periods is insufficient to transform non-working time into hours of work for the purposes of calculating overtime eligibility. See 29 C.F.R. § 785.19. (Bona fide meal periods are not considered hours worked when an employee is completely relieved from duty). Whether or not an employee is paid during a meal period is not relevant to the determination of whether it counts as hours of work. Barry v. Town of Elma, 2005 WL 711842, at *2 (W.D.N.Y. Mar. 28, 2005) (holding the FLSA does not prohibit an employer from paying an employee for his lunch period, if no work is performed during that period, the fact that an employee was paid for it is of no consequence when determining whether that time counts as hours worked when calculating eligibility for overtime); see also Barefield v. Vill. of Winnetka, 81 F.3d 704, 711 (7th Cir. 1996) (holding that defendant's "voluntary payment for meal periods [cannot] transform[] FLSA defined non-'work' time into FLSA defined 'work' time" and rejecting the argument that meal periods must be compensated periods because plaintiffs were paid for them).[3]

To determine whether meal periods are hours worked, the Second Circuit applies the "predominant benefit" standard. Reich v. S. New England Telecomms. Corp., 121 F.3d 58, 61 (2d Cir. 1997) (holding that meal periods can be compensable "hours worked" under the FLSA if employees perform duties predominantly for the benefit of the employer during the meal break). Premier's policy requires that non-exempt employees be relieved of all actual responsibilities during their lunch breaks and Plaintiffs do not plead any facts to suggest that Premier did not

---

[3] See also Douglas v. Xerox Bus. Servs., LLC, 2015 WL 10791972, at *5 (W.D. Wash. Dec. 1, 2015), aff'd, 875 F.3d 884 (9th Cir. 2017) (noting that paid lunch periods do not need to be factored into overtime eligibility calculations as they constitute an additional benefit rather than compensation for "hours worked,"); O'Hara v. Menino, 253 F. Supp. 2d 147, 154-57 (D. Mass. 2003) ("Plaintiffs seem to argue that if the lunch break is compensated, then the time is included in the 'hours worked' merely because compensation is given. This is not the law.").

follow this policy.   Therefore, there is no basis to include these paid meal breaks in counting hours worked for purposes of determining overtime eligibility.

### C. Premier Properly Excludes Non-Worked Time From Hours Worked When Determining Overtime Eligibility

Finally, Premier's employee handbook cannot transform non-worked time into hours worked so as to enable Plaintiffs to receive overtime compensation.   When explaining its policy of paying time and one-half only for hours worked beyond 40 in a workweek, Premier's employee handbook states:

> Hourly Employees (Non-Exempt) are paid _time and a half_ when more than 40 hours are **worked** within a week.   Paid time off, holidays, and your 45 minute lunch break are NOT included in this calculation.   Example:  An employee must work over 43.75 hours in order to be eligible for overtime pay during a normal work[week] with no time off other than meal breaks.

(Complaint Ex. E) (emphasis in the original).   The reference to 43.75 hours reveals only that an employee who works a five day workweek and takes her paid 45-minute lunch break each day will not be paid at her overtime rate until after receiving 43.75 hours of pay at her regular rate – 40 hours of regular rate pay for hours worked and 3.75 hours of regular rate pay for five 45 minute meal periods.   Moreover, even if the handbook is inaccurate, it does not create a statutory claim for Plaintiffs.   Plaintiffs must still allege facts to demonstrate that they actually _worked_ in excess of 40 hours in a workweek but were not paid overtime compensation.   None of the examples cited in the Complaint indicate that any Plaintiff worked more than 40 hours in a workweek without receiving proper compensation.

The handbook clearly states: (1) that overtime premiums will only be paid after an employee works more than 40 hours in a workweek; and (2) paid but not worked time such as paid time off, holidays, and paid lunch breaks are not considered time worked for purposes of calculating overtime.   Viewing the wage statements attached to the Complaint, and the

corresponding time records, the Complaint cannot plausibly suggest that Premier had a policy or practice of not paying overtime for hours of work in excess of 40 in a workweek.  Therefore, not only can Plaintiffs not demonstrate a wage violation for themselves, they also will not be able to proceed on a class or collective basis as determinations of whether any Plaintiff or putative plaintiff worked through lunch on any particular day would require individualized inquiries into the activities of each putative plaintiff over a six year period.   Such individualized inquiries would render class or collective treatment improper.   Fernandez v. Wells Fargo Bank, N.A., 2013 WL 4540521, at *8 (S.D.N.Y. Aug. 28, 2013) (denying class and collective treatment when off-the clock claims would require individualized inquires).   This is particularly true when there is a written policy reliving employees of all duties and responsibilities during their meal periods and no allegations that the Plaintiffs ever worked through their lunch breaks.   Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011).

## POINT IV

## PLAINTIFFS CANNOT STATE A CLAIM UNDER NYLL SECTION 195

### A. Plaintiffs Cannot State a Violation of NYLL Section 195(1)

Plaintiffs allege Premier violated NYLL § 195(1) by failing to provide Plaintiffs with annual wage notices in 2011, 2012, and 2013.  (Complaint ¶¶ 12, 24, 37, 50).  Plaintiffs' claims are legally and factually deficient and must be dismissed as a matter of law.  Plaintiffs cannot state a claim for failure to provide an annual wage notice in 2011 because there was no requirement to do so that year.  The WTPA, which created the obligation to provide employees a notice with information regarding wages at the time of hire and prior to February of every subsequent year (until the annual obligation was repealed in 2015), did not take effect until April 9, 2011.   Kone v. Joy Constr. Corp., 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016).  Therefore, there was no requirement to provide an annual wage notice to employees hired before

April 9, 2011, until February 2012. Canelas v. World Pizza, Inc., 2017 WL 1233998, at *11-12 (S.D.N.Y. Mar. 31, 2017). As Plaintiffs were all hired by Premier prior to April 9, 2011, they have failed to plead a claim for failure to provide annual wage notices in 2011.

Further, Plaintiffs cannot state a claim for failure to provide annual wage notices in 2012 or 2013. It is well established that there is no private cause of action for a violation of NYLL § 195(1) for failure to provide an annual wage notice to existing employees (as opposed to new hires). Kone, 2016 WL 866349, at *5; Hinckley v. Seagate Hosp. Grp., LLC, 2016 WL 6524314, at *9 (W.D.N.Y. Nov. 3, 2016) (The "NYLL does not provide a private right of action where an employer fails to provide annual notices; rather, it only provides such a private right of action where the employer fails to provide the notice at the time of hire."); Yuquilema v. Manhattan's Hero Corp., 2014 WL 4207106, at *11 (S.D.N.Y. Aug. 20, 2014), report and recommendation adopted, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014) ("[T]he NYLL extends this private cause of action to employees whose employer fails to provide the initial notice at their hire, but not for subsequent failures to furnish the annual notice in following years."); Guan Ming Lin v. Benihana N.Y. Corp., 2012 WL 7620734, at *7-8 (S.D.N.Y. Oct. 23, 2012), report and recommendation adopted, 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013) ("The plain language of the statute . . . confers a private right of action upon those who do not receive their notice at the time of hiring, but not upon those who do not receive it on or before February first of any subsequent year."). Additionally, Plaintiffs, who all were hired prior to April 9, 2011, cannot be proper class representatives for any potential plaintiffs hired after April 9, 2011, but did not receive a notice at the time of hire. Kone, 2016 WL 866349, at *5.

Even if Plaintiffs did have a private right of action, Premier actually provided Plaintiffs'
with WTPA notices in 2012 and 2013.  (O'Sullivan Decl. Ex. G).  Therefore, Plaintiffs' claims
under NYLL § 195(1) must be dismissed.

### B. Plaintiffs Cannot State a Violation of NYLL Section 195(3)

Plaintiffs claim that Premier violated NYLL §195 (3) by failing to provide Plaintiffs with
wage statements that included Premier's telephone number, "the amount of straight time actually
worked, the amount of overtime hours actually worked, and/or the amount of vacation time
actually used."  (Complaint ¶¶ 14-15, 26-27, 39-40, 52-53).  Plaintiffs' claims are legally
insufficient and must be dismissed as a matter of law.

NYLL § 195 (3) requires employers to:

> [F]urnish each employee with a statement with every payment of wages, listing
> the following: the dates of work covered by that payment of wages; name of
> employee; name of employer; address and phone number of employer; rate or
> rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,
> piece, commission, or other; gross wages; deductions; allowances, if any, claimed
> as part of the minimum wage; and net wages.  For all employees who are not
> exempt from overtime compensation . . ., the statement shall include the regular
> hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular
> hours worked, and the number of overtime hours worked.

NYLL § 195 (3).

Vacation Time

Initially, there is no requirement to include the amount of vacation time actually used and
therefore the omission of that information is irrelevant.

Lack of a Telephone Number

Although Premier provided its name and address on Plaintiffs' wage statements, it
inadvertently did not include its telephone number.  However, this technical violation of NYLL §
195(3) does not entitle Plaintiffs to any relief.  NYLL § 198(1-d) provides a complete defense for
technical violations of NYLL § 195(3) when despite the violation, the employer still timely paid

all required wages.   Ahmed v. Morgans Hotel Grp. Mgmt., LLC, 54 Misc. 3d 1220(A), 55

N.Y.S.3d 691 (N.Y. Sup. Ct. 2017).  NYLL § 198 (1-d) states that:

> In any action . . . to recover damages for violation of [section 195(3)] it shall be
> an affirmative defense that (i) the employer made complete and timely payment of
> all wages due pursuant to this article or articles nineteen or nineteen-A of this
> chapter to the employee who was not provided statements as required by [section
> 195(3)] of this article.

Martin v. Sprint United Mgmt. Co., 2017 WL 5028621, at *3 (S.D.N.Y. Oct. 31, 2017).  The

lack of a telephone number is at best a technical violation.  Its omission is of no practical import

where as here all of the Plaintiffs were office workers who knew how to contact Premier with

questions concerning their wage statements.  As Plaintiffs have failed to plead that they did not

timely receive all wages to which they were entitled, Premier is entitled to use this affirmative

defense which absolves it of liability for any technical violation of NYLL § 195(3).

Accuracy of Wage Statements

Finally, Plaintiffs' claim that the wages statements do not include the amount of straight

time or overtime worked is flatly contradicted by exhibits to the Complaint. The wage statements

for Ms. Contreras and Ms. Germosen contain their regular rate of pay and the number of hours

that they were paid for at that rate.  (Complaint, Exs. B, D).  The wage statements do not mention

overtime hours worked or an overtime rate because, as discussed above, neither plaintiff worked

any overtime during those pay periods.  This is in contrast to Ms. Alvarez, whose wage statement

includes both her regular rate of pay and the number of hours she was paid at that rate, and her

overtime rate and the number of hours she was paid at that rate because Ms. Alvarez did work

overtime during that pay period.  (Id.  at Ex. C).  As this information is properly included,

Plaintiffs' claimed violation of NYLL § 195(3) based on Premier's failure to include it must be

dismissed.  Further, to the extent that there may also be a technical violation of NYLL § 195(3)

concerning this alleged failure to separate time worked and non-worked time for paid meal breaks on Plaintiffs' wage statements, NYLL §198(1-d) provides a complete defense to that claim.  If there is a violation of NYLL § 195(3) it is also technical and did not result in Plaintiffs failing to receive any compensation owed to them.  See Martin, 2017 WL 5028621, at *3; Ahmed, 54 Misc. 3d 1220(A), 55 N.Y.S.3d 691.    Therefore, Plaintiffs' claims under NYLL § 195(3) must be dismissed in their entirety.

## POINT V

### THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY REMAINING STATE LAW CLAIMS

A district court may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).  When all federal claims are eliminated before trial, the balance of factors to be considered -- including judicial economy, convenience, fairness, and comity -- typically points towards declining to exercise supplemental jurisdiction over any remaining state-law claims.  Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122-24 (2d Cir. 2006).  If the Court grants Premier's motion to dismiss Plaintiffs' FLSA and NYLL overtime claims, the Court should decline to exercise supplemental jurisdiction over any remaining NYLL § 195 claims because no federal claims will remain.  Jones v. SCO Family of Servs., 2016 WL 7188152, at *4 (S.D.N.Y. Dec. 2, 2016) (declining to exercise supplemental jurisdiction when only NYLL § 195 claims remained); Clarke v. Leading Hotels of the World, Ltd., 2015 WL 6686568, at *4 (S.D.N.Y. Oct. 29, 2015) (same).

## CONCLUSION

For the reasons set forth herein, Premier respectfully requests that its motion to dismiss be granted in all respects, with prejudice, and that the Complaint be dismissed in its entirety, and that Premier be granted its costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York       Respectfully submitted,
       January 29, 2018

                                **PUTNEY, TWOMBLY, HALL & HIRSON LLP**

                                By:          */s JEM*
                                           James E. McGrath, III
                                           Steven J. Seidenfeld
                                           521 Fifth Avenue
                                           New York, New York 10175
                                           (212) 682-0020

                                           *Attorneys for Defendant,*
                                           *Premier Home Health Care Services, Inc.*