

777 Westchester Ave, Suite 101
White Plains, New York 10604
(O) (914) 218-6190
(F) (914) 206-4176
www.ElHaglaw.com
Jordan@Elhaglaw.com

*The Firm that Fights for Workers' Rights!*

August 24, 2018

<u>**Via ECF**</u>
Hon. Jesse M. Furman
Unites States District Court Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

     *Re: Request for approval of FLSA Agreement.*
       *Gonzalez v. Premier Home Health Care Services Inc. 17-cv-*
       *09063 (JMF).*

Dear Hon. Judge Furman,

  Our office represents the Plaintiffs Margarita Gonzalez, Yudelky Contreras, Carmen Alvarez f/k/a Carmen Wun, and Pura Germosen ("Plaintiffs") in the above referenced matter. I am pleased to advise the Court that the parties recently entered into a negotiated Settlement Agreement and Release ("Agreement"). As such, Plaintiffs and Defendant (the "Parties") jointly write to request that the Court approve the Parties' proposed Agreement. Upon the Court's approval, we shall have our clients sign the approved agreement, submit the agreement and stipulation of discontinuance back to the Court, and ask that the Court "So Order" the Stipulation And Order Of Dismissal Of FLSA and New York Labor Law Claims With Prejudice.

  The terms of the Agreement – attached hereto as Exhibit "A" – provide that in exchange for a release from Plaintiffs of any and all claims under the FLSA and related NY Labor Law claims set forth in the Amended Complaint, Plaintiffs will receive a total gross sum of Twenty Three Thousand Dollars and Zero Cents ($23,000.00) (the "Settlement Sum"), inclusive of attorney's fees and costs.

  The Agreement, which complies with *Cheeks v. Freeport Pancake House, Inc.,* No. 14-cv-299 (2d Cir. 2015) ("Cheeks"), reflects a compromise between the Plaintiffs and Defendant. The Settlement Amount is being allocated as follows: (1) $15,333.34 for alleged unpaid wages payable to Plaintiffs, and (2) $7,666.66 to El-Hag & Associates, P.C for legal fees.

1

As directed by the Court in its August 13, 2018 Order, this letter addresses the factors set forth in *Wolinsky v. Scholastic, Inc*., 900 F.Supp.2d 332 (SDNY 2012) to assess the fairness and reasonableness of the proposed agreement. As set forth below, the *Wolinsky* factors overwhelmingly favor approval of the Agreement.

1. **Class/ Collective Status**. As more fully explained *infra*, this settlement is not a class/collective settlement. It is limited to the named Plaintiffs. Therefore there is no class representative premium computed in this action.

2. **Computation of Plaintiff's FLSA/New York Labor Law Recovery.** I have attached a copy of Plaintiff's maximum damage computation. This reflects all possible forms of recovery under the FLSA, excluding attorney fees, totaling $31,648.43. This is solely a recovery of unpaid overtime wages and liquidated damages, excluding attorney fees.

   This computation assumes that every week in which the Plaintiffs worked, they worked a minimum of 40 hours in a week before computing the unpaid wages, which is an erroneous position to take considering any week in which a Plaintiff took 1 day off would eliminate the damages. This occurs because the sole claim in this lawsuit is that the Plaintiffs worked through their lunch (one Plaintiff-Gonzalez- claims to have worked extra time in addition to working through lunches). However, the Plaintiffs were paid for their 45-minute lunch period regardless of working. Defendant did not count the lunch period as work time (it was paid time but not worked) for purposes of calculating overtime, however, if a Plaintiff worked through lunch, the time would be counted toward overtime. But considering that there were standard holidays, vacation periods, and sick days spread throughout the year, each week 1 day off was taken, there would be no overtime to claim. In sum, this damage computation is generous.

   The Parties reached a settlement by accepting Plaintiffs' computation but providing for no liquidated damages and slightly discounted the wages owed. The spreadsheet provides the amount of lunch hours that should have been computed as overtime and then computing the ½ time premium.

3. **Attorney fees are fair and reasonable.**[1] Plaintiff's counsel is receiving $7,666.66 in legal fees and no costs under the Agreement, which is the standard 1/3 of the recovery. I took over this Action from Plaintiffs prior counsel, who have told me that they are not seeking to recover any costs or fees.

   I have attached a copy of my billing records with this letter. I use a law practice management software called Clio. With this program I am able to create contemporaneous billing records that are logged into the program. I can then

---

[1] While Defendant joins in the request for approval of the settlement on behalf of Defendant, Defendant takes no position as to Plaintiff's counsel's request for approval of fees from the settlement.

autogenerate a detail bill of the hours and expenses I have expended on any one of my cases. This is the program I used to generate my time records here.

The actual costs I have incurred has been approximately $60 in parking for the July 25, 2018 conference. My hourly time expended by my firm equals $9,131.50. This includes my time 26.09 hours billed at a rate of $350 per hour, and excludes all paralegal work. Accordingly, the $7,666.66 fee is less than the Lodestar rate and in line with the standard 1/3 attorney fee structure in FLSA cases. Less time would have been incurred had it not been that there were 4 plaintiffs in this action and I had to review all of the prior file to try to understand prior counsel's view of the case and damages, and to reconcile that with our firm's analysis.

4. **Release is narrowly tailored.** Pursuant to Cheeks, the release of claims is narrowly tailored to only release the wage related claims in the Amended Complaint. In fact, although knowing that Plaintiffs intend to pursue a discrimination claim in NYS Court, the Defendant is not seeking to bar such a claim in this Action. This release is as narrowly tailored as possible.

5. **Risks of litigation.** There was substantial risk in pursuing this lawsuit. First, I have never seen a company with such comprehensive pay and time records. After having reviewed these records for weeks, I have found no inconsistencies. FLSA lawsuits are typically driven by the *Mt. St. Clemens* burden shifting scheme. This would not apply here. The entire case would rest on the Plaintiffs proving that they worked during their lunch periods. Considering the Defendant has written policies and corroborating records, it would be a difficult burden because they could not rest on their approximations as afforded by *Mt. St. Clemens*.

Second, there is very little chance that that this is a class/collective action case. The Plaintiffs do not know if the work practices under which they toiled were applied to other branches. There was no interaction. Additionally, the practices were not evenly applied to each Plaintiff. Two Plaintiffs (Wun and Contreras) worked in payroll and have different claims than the others- Gonzalez and Germosen. Gonzalez is the only one claiming she worked additional hours, and Germosen claims she only helped out during Gonzalez's lunch period a few days a week each month. There is no identifiable pattern or practice to apply company-wide.

Third, there is very little chance liquidated damages would be awarded. Standard, liquidated damages require a willful violation of the FLSA. Considering lunch was paid even if not worked, I find it difficult to find a willful determination that the Defendant was trying to game the system when they were paying the employees for not working. Coupled with written policies to ensure no one worked overtime without approval, I believe liquidated damages would be a stretch. Nor is there any evidence of a history of non-compliance by the Defendant.

3

6. **Negotiation at arm's length.** This settlement was reached at arm's length as counsel for both Parties have never met before this Action, and we are experienced counsel in this area of law.

For the foregoing reasons, Plaintiffs and Defendant believe that the Settlement Sum represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation. In light of the above, Plaintiffs and Defendant respectfully request that this Court approve the Parties' Agreement.

We sincerely thank the Court for its time and consideration in this matter.

Respectfully submitted,

Jordan El-Hag, Esq.
Counsel for Plaintiffs

4